**Return Date and Time:**
          **June 5, 2012 at 10:00 am**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x   Chapter 11
In re:   Case No. 12-11560 (ALG)

**B&M LINEN CORP,**

                Debtor.
------------------------------------------------------------x

**DEBTOR'S MOTION FOR APPROVAL OF STIPULATION AND ORDER(I) RESTRAINING CONSOLIDATED EDISON FROM DISCONTINUING, ALTERING OR REFUSING SERVICE, (II) DEEMING IT ADEQUATELY ASSURED OF FUTURE PERFORMANCE AND (III) ASSUMING PREPETITION SETTLMENT AGREEMENT BY AND BETWEEN CON EDISON AND THE DEBTOR**

      B&M Linen Corp., as debtor and debtor in possession (the "Debtor"), hereby moves this Court ("Motion") for approval of a stipulation and order with Consolidated Edison ("Con Ed"), a copy of which is attached hereto as Exhibit A (the "Stipulation and Order"), pursuant to 11 U.S.C. §§ 105(a), 365 and 366, **(**I) Restraining Con Ed from Discontinuing, Altering or Refusing Service, (II) Deeming it Adequately Assured of Future Performance and (III) Assuming Prepetition Settlement Agreement. In support of this Motion, the Debtor respectfully represents as follows:

### Jurisdiction

    1.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of the Debtor's chapter 11 case in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

    2.    The statutory bases for the relief requested herein are sections 105(a), 365 and 366 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

1

**Background**

3. The Debtor is engaged in the commercial laundry business servicing hotels as its main customer base.

4. Con Edison supplied electric and gas service to an account in the name of the Debtor at 220 Coster Street, Bronx, New York 10474 under account number 39-3021-1037-0002-8 prior to the commencement of its Chapter 11 case.

5. As of February 3, 2012, Con Edison's books and records showed an unpaid balance of $5,201,445.65 for gas and electric service supplied to the Debtor; and

6. Con Edison contended that during the period from December 30, 2005 through December 30, 2011 (hereafter, the "Unmetered Service Period") not all the gas being supplied by Con Edison and consumed by the Debtor was metered by Con Edison's gas meter, and that the amount of the gas service that was not metered and consequently not billed to the Debtor during the Unmetered Service Period equaled $2,503,272.36 (hereafter, the "Unmetered Service Charges"), plus associated late payment charges of $2,716,458.35, for a total balance of $5,219,730.71; and

7. The Debtor disputed the appropriateness of: (1) the Unmetered Service Charges; (2) the Unmetered Service Period; (3) the assumption that usage was constant during the Unmetered Service Period; and (4) the assessment of late charges and the amount of the late charges assessed.

8. On February 23, 2012, the Debtor and Con Edison entered in agreement resolving this dispute (the "Agreement"), a copy of which is attached hereto as Exhibit "B", which provides, in pertinent part, that:

> (1) The total charge for gas unmetered service for the Unmetered Service Period will be reduced by Con Edison from $2,503,272.36 to $1,600,000.00 and the associated late payment charges of $2,716,458.35 will be canceled;

2

    (2) The Debtor shall remit to Con Edison a payment of $50.000 on or before February 9, 2012, and another payment of $50,000 on or before February 22, 2012 to be applied to the adjusted unmetered gas charge of $1.600, 000.00 leaving an unpaid balance for unmetered gas service of $1,500.000.00;

    (3) The unmetered gas service balance of $1,500,000 shall be paid by 120 consecutive monthly payments of $12,500 due on the first day of each month commencing April 1, 2012. The deferred payment agreement shall be without late charges on the unpaid balance provided the installment payments required under this paragraph, along with the current bill payments, are paid timely and in accordance with the Agreement.

    9. In accordance with the Agreement, on February 28, 2012 Con Edison filed a Confession of Judgment, a copy of which is attached hereto as Exhibit õC, whereby the Debtor confessed judgment, in favor of Con Edison, in the sum of $1,500,000. On February 28, 2012 a judgment, in the amount of $1,500,000 was entered in favor Con Edison.

    10. On April 16, 2012 (the õPetition Dateö), the Debtor filed with the United States Bankruptcy Court for the Southern District of New York (the õCourtö) a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

    11. Subsequent to the Petition Date, Con Edison requested a post-petition adequate assurance deposit of $175,600 (the õAdequate Assurance Depositö), which it contends is equal to two months average usage.

    12. The Debtor and Con Edison thereafter began discussions aimed towards resolving Con Edisonøs demand for an Adequate Assurance Deposit, which is in an amount in excess of that which the Debtor can currently afford to pay. These discussions were successful, and the Debtor and Con Edison agreed to the terms of the Stipulation and Order, subject to approval of this Court which provides, in pertinent part, that:

  --The final balance owed on the pre-petition account (39-3021-1037-0002-8) of $1,508,342.06 (the õPrepetition Balanceö) shall be transferred to a newly established post--petition account (39-3021-1037-0003-6).

  --In lieu of posting the Adequate Assurance Deposit, the Debtor shall

3

continue to remit the sum of $12,500 to Con Edison, on a monthly basis, as provided for under the Agreement, in reduction of the Prepetition Balance.

--The Debtor shall pay on a timely basis all undisputed invoices for utility services rendered by Con Edison to the Debtor.

--The Agreement shall be assumed pursuant to section 365 of the Bankruptcy Code.

--If this Court approves this stipulation, Con Edison shall be deemed to have agreed that the terms of this stipulation constitutes adequate assurance of future payment to Con Edison and Con Edison, shall be deemed to have waived any right to seek additional adequate assurance during the course of this case.

-- In the event that this Court does not approve this stipulation, Con Edison agrees to grant the Debtor a period of thirty (30) days from the date that this Court denies approval of this stipulation to provide it with adequate assurance of payment for utility services before altering, refusing and/or discontinuing providing utility services to the Debtor.

## **Basis for Relief Requested**

13. Section 366 of the Bankruptcy Code protects a debtor against the immediate termination of utility services after the commencement its case. Under that section, a utility may not, during the first thirty days of a chapter 11 case, alter, refuse, or discontinue services to a debtor solely because of unpaid prepetition amounts. Following such thirty-day period, however, a utility may alter, refuse or discontinue service if the debtor does not provide õadequate assuranceö of payment for postpetition services in a form õsatisfactoryö to the utility, subject to the courtøs authority to modify the amount of adequate assurance.[1]

---

[1] Section 366 of the Bankruptcy Code provides, in relevant part, as follows:

(a)    Except as provided in subsections (b) and (c) of this section, a utility may not alter, refuse, or discontinue service to, or discriminate against, the trustee or the debtor solely on the basis of the commencement of a case under this title or that a debt owed by the debtor to such utility for service rendered before the order for relief was not paid when due.

(b)    Such utility may alter, refuse, or discontinue service if neither the trustee nor the debtor, within 20 days after the date of the order for relief, furnishes adequate assurance of payment, in the form of a deposit or other security, for service after such date. On request of a party in interest and after notice and a hearing, the court may order reasonable modification of the amount of the

4

14. Under 11 U.S.C. § 365(a), "[a] trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." Since 11 U.S.C. § 1107(a) gives debtors-in-possession the same rights and powers of a trustee, a debtor-in-possession, such as Orion, also may assume a contract with bankruptcy court approval. <u>Orion Pictures Corp. v. Showtime Networks (In re Orion Pictures Corp.)</u>, 4 F.3d 1095, 1098 (2d. Cir. 1993) (citations omitted). A "bankruptcy court reviewing a trustee's or debtor-in-possession's decision to assume or reject an executory contract should examine a contract and the surrounding circumstances and apply its best 'business judgment' to determine if it would be beneficial or burdensome to the estate to assume it." <u>Id.</u>  <u>See also,</u>  <u>In re: Penn Traffic Co</u>, 524 F.3d F.3d 373, 383 (2d Cir. 2008)(opining that a a decision whether to assume a contract is left to the sound business discretion of the debtor.)

15. Assumption of the Agreement with Con Edison is not only an exercise of sound business judgment, but is also essential to the Debtor's reorganization in that any failure to receive services from Con Edison will, at minimum, result in a disruption in the Debtor's operations and a consequent interruption of revenues. The Debtor is currently unable to post the

---

deposit or other security necessary to provide adequate assurance of payment.

\*    \*    \*    \*

(c)(2)  Subject to paragraphs (3) and (4), with respect to a case filed under chapter 11, a utility referred to in subsection (a) may alter, refuse, or discontinue utility service, if during the 30-day period beginning on the date of the filing of the petition, the utility does not receive from the debtor or the trustee adequate assurance of payment for utility service that is satisfactory to the utility.

   (3)(A)  On request of a party in interest and after notice and a hearing, the court may order modification of the amount of an assurance of payment under paragraph (2).

   (B)  In making a determination under this paragraph whether an assurance of payment is adequate, the court may not consider (i) the absence of security before the date of the filing of the petition; (ii) the payment by the debtor of charges for utility service in a timely manner before the date of the filing of the petition; or (iii) the availability of an administrative expense priority.

11 U.S.C. § 366.

5

Adequate Assurance Deposit demanded by Con Edison, but has been, and will continue to be, able to perform under the terms of the Agreement. Addtionally, under the terms of the proposed Stipulation and Order, the approval of which is sought by this motion, the Debtor does not have to post any security deposit. Moreover, by virtue of the Con Edison's entry of a judgment against the Debtor on February 28, 2012, Con Edison is, in essence, a secured creditor of the Debtor. Therefore, the Debtor believes that assumption of the Agreement will have no actual or potential negative impact on it or its estates.

16.    Since the Agreement and Stipulation calls for the payment of $12,500 a month on account of the Debtor's prepetition obligation to Con Edison, the Debtor is also seeking authorization to make these prepetition payments to Con Edison during the pendency of this case pursuant to section 105(a) of the Bankruptcy Code.

17.    Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). A bankruptcy court's use of its equitable powers to "authorize the payment of pre-petition debt when such payment is needed to facilitate the rehabilitation of the debtor is not a novel concept." In re Ionosphere Clubs, Inc., 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989). "Under Section 105, the court can permit pre-plan payment of a prepetition obligation when essential to the continued operation of the debtor." In re NVR L.P., et al., 147 B.R. 126, 127 (Bankr. E.D. Va. 1992) (citing Ionosphere Clubs, 98 B.R. at 177). The Debtor strongly believes that the uninterrupted supply of goods, on customary trade terms, and the continuing support of their customers are imperative to the ongoing operations and viability of the Debtor.

18.    The "necessity of payment" doctrine further supports the relief requested herein. This doctrine "recognizes the existence of the judicial power to authorize a debtor in a reorganization case to pay prepetition claims where such payment is essential to the continued

6

12-11560-alg    Doc 14    Filed 05/17/12    Entered 05/17/12 21:08:42    Main Document
        Pg 7 of 8

operation of the debtor." <u>Ionosphere Clubs</u>, 98 B.R. at 176; see also <u>Michigan Bureau of Workers' Disability Compensation v. Chateaugay Corp. (In re Chateaugay Corp)</u>, 80 B.R. 279, 285-86 (S.D.N.Y. 1987). The rationale for the necessity of payment rule is consistent with the paramount goal of chapter 11 - "facilitating the continued operation and rehabilitation of the debtor." <u>Ionosphere Clubs</u>, 98 B.R. at 176.

19. For the reasons stated in paragraphs 15, <u>supra</u>, the Debtor believes that the Stipulation and Order should also be approved pursuant to section 105(a) of the Bankruptcy Code and the õnecessity of paymentö doctrine.

20. Notice of the Motion has by first class mail to all of the holders of claims against the Debtor and all parties who filed notices of appearance in this case, as well as the Office of the United States Trustee.

21. No prior request for the relief sought herein has been made to this or any other Court.

WHEREFORE, the Debtor respectfully requests that this Court (i) grant this Motion and the relief requested herein; (ii) approve the proposed Stipulation and Order attached hereto; and (iii) grant such other and further relief as it deems just and proper.

**DATED:** New York, New York
May 17, 2012

**SHAFFERMAN & FELDMAN LLP**
Counsel for the Debtor
286 Madison, Avenue, Suite 502
New York, New York 10017
(212) 509-1802
By:__/S/ Joel Shafferman_____
Joel M. Shafferman (JMS-1055)