Davidoff Hutcher & Citron LLP
Ralph E. Preite, Esq.
605 Third Avenue
New York, New York 10158
Tel: (212) 557-7200 x 3237
E-mail: rep@dhclegal.com

*Attorneys for All Points Capital Corp.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

| | |
|---|---|
| In re | Chapter 11 |
| B & M LINEN CORP. | Case No. 12-11560-ALG |
| Debtor. | |

----------------------------------------------------------X

**STATEMENT OF ALL POINTS CAPITAL CORP., CREDITOR, IN SUPPORT OF MOTIONS TO APPOINT A TRUSTEE OR CONVERSION TO CHAPTER 7**

All Points Capital Corp. ("APCC"), creditor, by its attorneys, Davidoff Hutcher & Citron LLP, hereby files its support of the pending motions to appoint a trustee in this chapter 11 case, or for conversion to chapter 7, and respectfully represents to this Court as follows:

1. APCC, an equipment leasing firm which is a wholly-owned subsidiary of Capital One, NA, filed its notice of appearance in this case on July 12, 2012. See Exhibit "1."

2. APCC has received no information regarding the Debtor's insurance.

3. APCC is owed approximately $100,000.00 as a secured creditor under a note and security agreement dated May 14, 2007 in connection with a Fairfield Laundry Soiled Monorail System and Clean System. APCC is also owed in excess of $135,000 under a lease dated May 14, 2007, and amended on or about October 3, 2008 in connection with several pieces of equipment, including:

00456204

- One (1) Kannegiesser Feeding Machine Model GEM-S, s/n 202236,
- One (1) Kannegiesser Ironer, Model HPM, s/n 202238,
- Six (6) Butterfly Tematic folders s/n's 37-7280-P,37-7278-P.37-7277-P, 37-7279-P, 37-7284-P & 37-7281-P.

4. APCC supports appointment of a trustee because, since the July 31, 2012 fire at the Debtor's premises, APCC has not received any information regarding the condition of its equipment, or the availability of insurance coverage, the name of the insurance company providing coverage, if any, or what will happen with the Debtor's business.

5. By letters dated August 14, 2012 and August 17, 2012, counsel for APCC advised Debtor's counsel of APCC's claims and requested, among other things, copies of the Debtor's insurance policies. Copies of said letters (without their attachments) are annexed hereto as Exhibits "2" and "3" respectively. No insurance information has been forthcoming.

6. Now, the appearance of McDermott Will & Emery LLP in this matter as counsel for the Debtor's shareholder and landlord, filing notices of adjournment of the motions against the Debtor as well as its objection dated October 5, 2012, on behalf of the Debtor's shareholder and landlord stating that enormous progress has been made, it is unclear who is in charge, whose interests are protected by the undisclosed "strategy" referenced in the objection, and which parties are in support of that undisclosed "strategy."

7. APCC is not one of those parties supporting the strategy and does not know it.

8. Specifically, in paragraph "5" of the Shareholder's opposition, provides as follows:

> It is respectfully submitted that enormous progress has been made in this case in less than a month and that all parties in this case appear to support the strategy proposed by Marcus/Coster and the Debtor and, thus, have allowed Marcus/Coster and the Debtor sufficient time to file their joint Plan and implement their strategy.

Opposition dated October 5, 2012 by Marcus and Coster, paragraph 5, page 3.

9. Phone calls that the undersigned has placed to McDermott Will & Emery LLP have not been returned.

00456204                                       2

10. While, Debtor's counsel has spoken with the undersigned on 3 or 4 occasions, including on October 4, 2012 when he was advised that $8 million of insurance coverage is apparently available to the Debtor, no insurance policy has yet been provided as it was unavailable. Also, it was unclear how many policies exist, and for whose benefit.

11. Moreover, no report has been provided to APCC regarding the condition of its equipment, notwithstanding requests.

12. The Debtor is apparently not operating. It is unclear if the Debtor has successfully sub-contracted linen supply services to prevent the loss of its customers. However, since no statement of sub-contracting has been made by the Debtor, and since no motion to approve such contract has been made, it is probably safe to conclude that the Debtor's customers are not being serviced, and haven't been since the fire, and the customers have been lost to competitors.

13. The Debtor has no business to reorganize and therefore should not be in chapter 11. During the period that it has not operated (August, September and October 2012), the Debtor has incurring its monthly operating expenses, thereby experiencing continuing diminution to its estate. The continuing diminution to its estate combined with its inability to reorganize (because it is out of business) constitutes cause under section 1112(b)(4)(A) of the Bankruptcy Code, thereby supporting conversion to chapter 7 under section 1112(b)(1).

14. Also, the Debtor has provided no proof of insurance. Although the undersigned have been verbally informed of the existence of insurance coverage, no proof of such has been offered. Nor has the Debtor provided confirmation that insurance required in accordance with APCC's contracts is in place. Lack of insurance coverage also constitutes cause for conversion to chapter 7 under section 1112(b)(1).

15. For all of the foregoing reasons, APCC supports conversion of this case to chapter 7, or alternatively supports appointment of a trustee in this chapter 11 case.

WHEREFORE, APCC respectfully requests that this case be converted to chapter 7 or that a trustee be appointed in this chapter 11 case.

Dated: New York, New York
October 5, 2012

                                              Davidoff Hutcher & Citron LLP
                                              *Attorneys for All Points Capital Corp.*

By: _____
            Ralph E. Preite, Esq.
605 Third Avenue
New York, New York 10158
(212) 557-7200 x 3237

TO:

| | |
|---|---|
| Coti & Sugrue<br>Stephen R. Sugrue Esq.<br>59 Grove Street<br>Suite 1F<br>New Canaan, CT 06840<br>ssugrue@optimum.net | Schulte Roth & Zabel, LLP<br>James Bentley Esq.<br>919 Third Avenue<br>New York, NY 10022<br>james.bentley@srz.com |
| Shafferman & Feldman, LLP<br>Joel M. Shafferman Esq.<br>286 Madison Avenue, Suite 502<br>New York, NY 10017<br>joel@shafeldlaw.com | Amalgamated Life Insurance Company<br>David C. Sapp Esq.<br>333 Westchester Avenue<br>North Building - Second Floor<br>White Plains, NY 10604<br>dsapp@amalgamatedlife.com |
| Consolidated Edison Co. of New York, Inc.<br>Leon Z. Mener Esq.<br>Richard W. Babinecz Esq.<br>4 Irving Place<br>New York, NY 10003<br>menerl@coned.com | McDermott Will & Emery<br>Nava Hazan Esq.<br>Timothy W. Walsh Esq.<br>340 Madison Avenue<br>New York, NY 10017<br>nhazan@mwe.com<br>twwalsh@mwe.com |
| The Steele Law Firm, P.C<br>Kimberly A. Steele Esq.<br>949 County Route 53<br>Oswego, NY 13126<br>ksteele@thesteelelawfirm.com | National Labor Relations Board<br>Geoffrey E. Dunham Esq.<br>26 Federal Plaza<br>New York, NY 10278<br>geoffrey.dunham@nlrb.gov |
| LeclairRyan, PC<br>Leslie F. Ruff Esq.<br>885 Third Avenue, 16th Floor<br>New York, NY 10022<br>leslie.ruff@leclairryan.com | Office of the United States Trustee<br>Michael T. Driscoll Esq.<br>33 Whitehall Street, 21st Floor<br>New York, NY 10004<br>michael.driscoll@usdoj.gov |