**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ X
In re:                                                                              :    Chapter 11
                                                                                         :
                                                                                         :
B & M LINEN CORP.,                                                      :    12-11560-ALG
                                                                                         :
                    Debtor.                                                    :
------------------------------------------------------------ X

## STIPULATION AND AGREED ORDER

THIS STIPULATION AND AGREED ORDER (the "Stipulation") is entered into this 10th day of October, 2012, by and among B & M Linen Corp. (the "Debtor") and 220 Coster LLC ("Coster" and, together with the Debtor, the "Parties").

## RECITALS

WHEREAS, 220 Coster LLC rents the premises located at 220 Coster Street, Bronx, New York, 10474 (the "Premises") to the Debtor pursuant to a lease agreement effective as of July 2005 (the "Lease");

WHEREAS, the Debtor conducts its commercial laundry business on the Premises;

WHEREAS, on April 16, 2012, the Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case") in the United States Bankruptcy Court for the Southern District of New York (the "Court");

WHEREAS, the Debtor continued in the management and operation of its businesses and property pursuant to sections 1107 and 1108 of the Bankruptcy Code;

WHEREAS, on July 30, 2012, the Premises were destroyed in a four-alarm fire;

WHEREAS, on October 9, 2012, a hearing was scheduled before the Court during which the rental obligations of the Debtor under the Lease were discussed by the parties in attendance and the Court;

WHEREAS, Coster is contractually entitled, pursuant to the Lease, to the payment of a monthly rent in the amount of $42,000 from the Debtor, as an administrative claim in the Chapter 11 Case;

WHEREAS, Coster has a claim against the Debtor under the Lease relating to all monthly rents due and unpaid after July 30, 2012, the date of the fire, and until the date of the confirmation of a plan of reorganization (the "Claim");

WHEREAS, the Debtor acknowledges the validity, amount and administrative status of the Claim;

WHEREAS, to facilitate the reorganization of the Chapter 11 Case, limit the amount of the administrative claims in this case and allow for the payment of valid and allowed claims, Coster has agreed to subordinate its Claim to all allowed claims in the Chapter 11 Case; and

WHEREAS, the Parties have agreed on the terms described herein.

NOW THEREFORE, in consideration of the mutual promises, covenants, agreements, and other consideration described above and elsewhere in this Stipulation, the receipt and sufficiency of which the Parties hereby acknowledge, and intending to be legally bound thereby, the Parties hereby covenant and agree as follows:

1.  Recitals Incorporated.  The foregoing recitals are incorporated herein by reference and agreed upon by the Parties.

2.     <u>Subordination of Claim</u>.  Upon execution of this Stipulation by the Parties and subject to the approval of the Court, Coster shall be deemed to have subordinated its Claim to all allowed claims in the Chapter 11 Case.

3.     <u>Claim Against Insurance Policy</u>.  Nothing in this Stipulation and Order will be deemed a waiver of the Claim by Coster and Coster reserves all its rights to claim any loss of rent under the Building Owner Lessors Risk Policy with Massachusetts Bay Insurance Company, policy number ZDY 9309229 00.

4.     <u>Miscellaneous</u>.

(a)    It is expressly understood and agreed that the terms hereof, including the recital paragraphs, are contractual; that the agreements herein contained and the consideration transferred hereunder is to facilitate the reorganization of the Chapter 11 Case; and that no statement herein, payment, or other consideration given shall be construed as an admission by the Parties of any kind or nature whatsoever.

(b)    This Stipulation constitutes the entire agreement between the Parties with respect to the subject matter herein and supersedes all other prior agreements and understandings, both written and oral, between the parties with respect to the subject matter hereof.

(c)    Each signatory hereto warrants and represents that he or she is authorized to execute and perform under this Stipulation, in each case, in a manner that is and shall be fully binding upon the respective party and/or the person or entity on whose behalf such party executed the stipulation.

(d)    Any requirement of Bankruptcy Rule 9019 that a motion by the Debtor be made before the court may approve a compromise is hereby deemed satisfied.

(e) This Stipulation shall be effective immediately upon its approval by the Bankruptcy Court and its entry on the docket as an order of the Court. In the event the Bankruptcy Court declines to approve this Stipulation, the Parties hereto shall return to their respective rights and obligations existing prior to the execution of this Stipulation.

(f) The Bankruptcy Court shall retain original and exclusive jurisdiction over the Parties to interpret and enforce the terms of this stipulation and to resolve any disputes in connection herewith.

(g) Each of the Parties represents and warrants that in executing this Stipulation, such Party has relied upon legal advice from the attorney of that Party's choosing and that the terms of this Stipulation have been read and its consequences (including risks, complications, and costs) have been completely explained to that Party by its attorney. Each Party further acknowledges and represents that it has not relied on any inducements, promises, or representations made by any other party or any person representing or serving such other Party. Each of the Parties hereto represents and warrants that this Stipulation is being voluntarily executed by such party without any duress or undue influence of any kind on the part of any person, firm, or entity.

(h) This Stipulation shall be deemed to have been jointly drafted by the Parties, and, in construing and interpreting this Stipulation, no provision shall be construed or interpreted for or against any of the parties because such provision, or any other provision, or the Stipulation as a whole, was purportedly prepared or requested by such Party.

5. <u>Counterparts</u>. This Stipulation may be executed in counterparts, any of which may be transmitted by facsimile, and each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

| | |
|---|---|
| Date: October 10, 2012 | SHAFFERMAN & FELDMAN LLP<br>*Counsel for the Debtor*<br><br>*/s/* Joel M. Shafferman<br>By: Joel M. Shafferman<br>286 Madison Avenue, Suite 502<br>New York, New York 10017<br>(212) 509-1802 |
| Date: October 10, 2012 | McDERMOTT WILL & EMERY LLP<br>*Counsel to Miron Marcus, Boris Marcus and 220 Coster LLC*<br><br>/s/ Timothy Walsh<br>By: Timothy Walsh<br>Nava Hazan<br>340 Madison Avenue<br>New York, New York 10173<br>(212) 547-5400 |

SO ORDERED BY THE COURT
THIS 15th Day of November, 2012

**s/Allan L. Gropper**
Honorable Allan L. Gropper
United States Bankruptcy Judge

**This Stipulation is approved based on the fact that Debtor's acknowledgement of the validity, amount and administrative status of the Claim does not bind any other party in interest (Bankruptcy Code § 502(a)).**