**McDERMOTT WILL & EMERY LLP**
Timothy W. Walsh, Esq.
Nava Hazan, Esq.
340 Madison Avenue
New York, New York 10173-1922
Telephone: (212) 547-5400
Facsimile: (212) 547-5444

*Counsel for Miron and Boris Markus, in their individual capacity, and 220 Coster LLC*

**SHAFFERMAN & FELDMAN LLP**
Joel M. Shafferman, Esq.
286 Madison Avenue, Suite 502
New York, New York 10017
Telephone: (212) 509-1802

*Counsel for B&M Linen Corp.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | : |
| | : Chapter 11 |
| B & M Linen Corp., | : |
| | : Case No. 12-11560 (ALG) |
| Debtor. | : |

**SUPPLEMENT TO OBJECTION OF MIRON AND BORIS MARKUS, IN THEIR INDIVIDUAL CAPACITY, AND 220 COSTER LLC TO MOTIONS TO CONVERT**

Miron Markus and Boris Markus, in their individual capacity, and 220 Coster LLC (collectively, "Markus/Coster") and B&M Linen Corp. (the "Debtor" and, together with Markus/Coster, the "Parties"), by and through their undersigned counsel, hereby file this supplement (the "Supplement") to the objection filed by Markus/Coster on October 5, 2012 in connection with (a) the Motion of the United States Trustee (the "UST") for (i) the Conversion of this Chapter 11 Case to a Case under Chapter 7, or, in the Alternative, (ii) the Appointment of

a Chapter 11 Trustee filed on September 8, 2012 (the "Trustee Motion") and (b) the Motion of the Laundry Dry Cleaning Workers and Allied Industries Benefit Fund (the "Union") to Convert the Case to Chapter 7, or Alternatively, to Appoint a Chapter 11 Trustee filed on September 5, 2012 (the "Union Motion" and, with the Trustee Motion, the "Motions to Convert"). In support of this Supplement, the Parties state as follows:

**Preliminary Statement**

1. No party will benefit from the conversion of this case to a Chapter 7 case, and most parties in interest are against such a conversion. All of the major creditor constituencies, including the Union and Con Edison, one of the largest creditors in this case, agreed to support the Joint Plan, as defined herein. Even 220 Laundry LLC does not want this case converted and has filed an objection to the Motions to Convert.

2. Allowing the Debtor to formulate and consummate the Joint Plan is in line with the goals of Chapter 11. Many strides have been made and the Parties believe that they will be able to fund the Joint Plan within a few weeks. It would be a great injustice to have this case converted at this point because the conversion has the potential to substantially delay and diminish recovery to creditors. In addition, the conversion will most probably lead to a time consuming and expensive litigation with respect to the ownership of the insurance policies' proceeds and, thus, is detrimental to creditors.

3. The Joint Plan also allows the Debtor the potential to rebuild its business premises, to start its laundry business again and to re-hire the approximately 140 employees it used to employ and who lost their employment because of the fire.

4. While conversion of this case does not further the goals of Chapter 11 and will only delay and diminish the distribution to creditors, denying the Motions to Convert, on the

other hand, will not prejudice any party in interest in this case and will allow the Debtor to restart its laundry business.

**Objection**

5.    There have been several positive developments in this case since the last hearing was scheduled. On October 12, 2012, the Parties filed a joint plan of reorganization (the "Joint Plan") and accompanying disclosure statement. The Joint Plan provides for the payment of all allowed claims in full in cash on the effective date. The Joint Plan will be implemented by using the insurance proceeds from two insurance policies, under which the Debtor and 220 Coster LLC, the Debtor's landlord and the owner of the Debtor's business premises, are named insureds. When received, the Debtor will use such proceeds to consummate the Joint Plan.

6.    In addition, on October 10, 2012, the Debtor and 220 Coster LLC entered into and filed a stipulation and order with the Court, pursuant to which 220 Coster LLC, as landlord, agreed to subordinate its administrative claim against the Debtor for rent due after the fire to all other allowed claims in this case. On November 15, 2012, this Honorable Court "So Ordered" the stipulation and order.

7.    On October 28, 2012, pursuant to this Honorable Court's request, Markus/Coster filed a memorandum regarding the proper allocation of insurance proceeds among the Debtor and 220 Coster LLC, as co-insureds under the insurance policies, and the reasons why 220 Coster LLC's subordination of its rights to the proceeds is a substantial contribution to this case.[1]

8.    Further, the Parties engaged in productive negotiations with Consolidated Edison Company of New York, Inc. ("Con Edison"), one of the largest creditors in this case, and reached an agreement to reduce the amount of Con Edison's pre-petition claim from $1.5 million

---

[1]    The Debtor also sent to all parties in interest who participated at the last scheduled hearing copies of the insurance policies as requested by this Court on October 9, 2012.

to approximately $1 million, to be paid on the effective date of the Joint Plan. Such settlement will be made part of the Joint Plan.

9. In addition, as this Court may recall, a settlement had been reached previously between the Union and certain affiliated parties and the Parties, pursuant to which, among other things, the Union has an allowed general unsecured claim in this case in the amount of $456,747.00 to be paid on the effective date. Such settlement will be made part of the Joint Plan.

10. Finally, counsel for the Parties have been in constant contact with the Debtor's insurance company and fire adjuster. The insurance company distributed $2 million of insurance proceeds under the building insurance policy to Debtor's counsel's escrow account. This week, Markus/Coster has been informed that the results of the laboratory tests regarding the fire will be available next week. According to conversations between the Debtor's fire adjuster and the insurance company's fire adjuster, if the laboratory results are negative, the insurance company intends to proceed in the near future with the distribution of proceeds under the insurance policies.

11. Based on the foregoing, the Parties respectfully submit that there is no cause for this case to be converted. The conversion of this case to a chapter 7 case will not be in the Debtor's and its creditors' best interest because (i) if a chapter 7 trustee is appointed, the distribution to creditors will be delayed for months, (ii) the creditors' recovery will be severely reduced by, among other things, the fees and costs to be incurred by the Chapter 7 trustee and its professionals, (iii) the proceeds of the insurance policy with respect to the building and the rental income will not be available for distribution to creditors,[2] and (iv) the proper allocation of the

---

[2] 220 Coster LLC, which is entitled to the majority of the proceeds under the building policy, will not subordinate its right to such proceeds in the event this case is converted to a chapter 7 case.

proceeds under the building policy and the operations policy will be litigated, which will further delay the timing of the distribution to creditors and reduce their recovery.

12. Nearly all parties in this case appear to support the Joint Plan, the consummation of which is in the best interests of the Debtor and its creditors. Therefore, the Parties submit that conversion of this case at this stage is not warranted.

Dated: December 8, 2012
New York, New York

Respectfully submitted,

McDERMOTT WILL & EMERY LLP

By:/s/ Timothy W. Walsh

Timothy W. Walsh
Nava Hazan
340 Madison Avenue
New York, New York 10173-1922
Telephone: (212) 547-5400
Facsimile: (212) 547-5444

*Counsel for Miron Markus and Boris Markus, in their individual capacity, and 220 Coster LLC*

SHAFFERMAN & FELDMAN LLP

By:/s/ Joel M. Shafferman

Joel M. Shafferman
286 Madison Avenue, Suite 502
New York, New York 10017
Telephone: (212) 509-1802

*Counsel for the Debtor*