UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
In Re:

**B&M LINEN CORP.,**  Chapter 11
 Case No. 12-11560 (ALG)

                           Debtor.
------------------------------------------------------------------X

## STIPULATION BETWEEN DEBTOR
## AND CONSOLIDATED EDISON COMPANY OF NEW YORK, INC.
## ALLOWING CLAIM AND GOVERNING
## TREATMENT OF CLAIM IN PLAN OF REORGANIZATION

      **WHEREAS**, Consolidated Edison Company of New York, Inc. ("Con Edison") supplied electric and gas service to an account in the name of B&M Linen Corp., the debtor and debtor in possession in this case (the "Debtor") at 220 Coster Street, Bronx, New York 10474 under account number 39-3021-1037-0002-8 prior to the commencement of its Chapter 11 case; and

      **WHEREAS**, as of February 3, 2012, Con Edison's books and records showed an unpaid balance of $5,201,445.65 for gas and electric service supplied to the Debtor; and

      **WHEREAS**, Con Edison contended that during the period from December 30, 2005 through December 30, 2011 (hereafter, the "Unmetered Service Period"), not all the gas being supplied by Con Edison and consumed by the Debtor was metered by Con Edison's gas meter, and that the amount of the gas service that was not metered and consequently not billed to the Debtor during the Unmetered Service Period equaled $2,503,272.36 (hereafter, the "Unmetered Service Charges"), plus associated late payment charges of $2,716,458.35, for a total balance of $5,219,730.71; and

1

**WHEREAS**, the Debtor disputed the appropriateness of: (1) the Unmetered Service Charges; (2) the Unmetered Service Period; (3) the assumption that usage was constant during the Unmetered Service Period; and (4) the assessment of late charges and the amount of the late charges assessed; and

**WHEREAS,** on February 23, 2012, the Debtor and Con Edison entered into an agreement resolving their dispute (the "Installment Agreement") which provided, in pertinent part, that:

(1) The total charge for gas unmetered service for the Unmetered Service Period will be reduced by Con Edison from $2,503,272.36 to $1,600,000.00 and the associated late payment charges of $2,716,458.35 will be canceled;

(2) The Debtor shall remit to Con Edison a payment of $50,000 on or before February 9, 2012, and another payment of $50,000 on or before February 22, 2012 to be applied to the adjusted unmetered gas charge of $1,600, 000.00 leaving an unpaid balance for unmetered gas service of $1,500,000.00;

(3) The unmetered gas service balance of $1,500,000 shall be paid in 120 consecutive monthly payments of $12,500 due on the first day of each month commencing on April 1, 2012. The deferred payment agreement shall be without late charges on the unpaid balance, provided that the monthly installment payments, along with the current bill payments, are paid timely and in accordance with the Installment Agreement; and

**WHEREAS,** in accordance with the Installment Agreement, on February 28, 2012 Con Edison filed a Confession of Judgment whereby the Debtor confessed judgment, in favor of

2

Con Edison in the sum of $1,500,000, and on February 28, 2012 a judgment, in the amount of $1,500,000 was entered in favor Con Edison; and

**WHEREAS**, on April 16, 2012 (the "Petition Date"), the Debtor filed with the United States Bankruptcy Court for the Southern District of New York (the "Court") a voluntary petition for relief (the "Bankruptcy Case") under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§101 et seq., as amended (the "Bankruptcy Code"); and

**WHEREAS**, on October 12, 2012, the Debtor and Miron Markus, Boris Markus and 220 Coster LLC (collectively, "Markus/Coster" and together with the Debtor, the "Plan Proponents") filed a joint plan of reorganization (the "Plan"). Pursuant to the Plan, the Debtor would assume the Installment Agreement and continue remitting payments thereunder.

**WHEREAS**, after the Plan was filed, the Plan Proponents and Con Edison engaged in discussions concerning the amount and treatment of Con Edison's claim against the Debtor in the Plan.

**NOW, THEREFORE,** it is hereby stipulated, consented and agreed by and between the undersigned, subject to this Court's authorization, as follows:

1.  The pre-petition claim of Con Edison is hereby allowed as a general unsecured claim in the total amount of $1,033,342 (the "Claim") and such Claim will be paid in accordance with the terms of the Plan. The payment of the Claim on the Effective of the Plan (the "Effective Date") by the Debtor will be made, in lieu of any further payments under the Installment Agreement.

2. In addition to the payment required under paragraph 1, supra, on the Effective Date, or within 90 days after this Stipulation is "So Ordered", which ever occurs first, the Debtor shall pay Con Edison the sum of $173,355 in full and final satisfaction of Con Edison's claim for post petition metered service and related charges for services supplied from April 16, 2012 to July 30, 2012 under account 39-3021-1037-0003-6. In the event a request is made to restore electric and/or gas service to the premises prior to the Effective Date of the Plan, Con Edison shall not be required to restore electric and/or gas service unless the $173,355 in unpaid metered post-petition charges is paid in full and a post-petition deposit is paid in an amount to be agreed by the Debtor and Con Edison. In the event the Debtor and Con Edison are unable to agree on the amount of the post-petition deposit, either party may file a motion addressing such issue with this Court on at least 10 days notice to the other party. In the event any creditor is not paid in full for any allowed administrative expense claim, then any excess amount paid to Con Edison shall be promptly returned to Debtor's estate to be allocated to creditors other than Con Ed holding allowed administrative claims on a pro-rata basis.

3. Upon the Effective Date, this Stipulation shall resolve in all respects the Claim and any and all claims, obligations, demands or other causes of action between or among the Debtor and Con Edison with respect to the provision of electric and/or gas service by Con Edison, which shall be deemed waived, disallowed, released, discharged and expunged in their entirety (the "Mutual Releases"), provided, however, that the Mutual Releases do not release or discharge any claims otherwise allowed or acknowledged in this Stipulation.

4. Con Edison agrees to support the Plan or any amended plan or modification thereto, as approved by this Court, that incorporates the terms and conditions of this Stipulation.

5. This Stipulation may be signed in counterparts, by fax or original signature and such counterparts when taken together shall constitute one original.

6. The rights and obligations of the parties to this Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of such interested party.

**DATED:** New York, New York
February 6, 2013

**SHAFFERMAN & FELDMAN LLP**
Attorneys for the Debtor
286 Madison Avenue, Suite 502
New York, New York 10017
(212) 509-1802

By: _/S/ Joel Shafferman_____
Joel M. Shafferman (JMS-1055)

**CONSOLIDATED EDISON COMPANY OF NEW YORK, INC.**

By:    /S/ Leon Z. Mener_____
Richard W. Babinecz
By: Leon Z. Mener (LM-2791)
as Attorney for the Consolidated
Edison Company of New York, Inc
4 Irving Place
New York, New York  10003
Telephone No, 212-460-2916
E-Mail: MenerL@ConEd.com

Dated: New York, New York
March 8, 2013

SO ORDERED: _/s/_Allan L. Gropper_____
Hon. Allan L. Gropper
United State Bankruptcy Judge