

Timothy W. Walsh
Attorney at Law
twwalsh@mwe.com
+1 212 547 5873

October 9, 2013

**VIA E-FILING SYSTEM AND HAND DELIVERY**

Honorable Allan L. Gropper
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004

**Re:    B & M Linen Corp. Case No. 12-11560-ALG**

Dear Judge Gropper:

This Firm represents Miron and Boris Markus, in their individual capacity, and 220 Coster, LLC (collectively, "Markus/Coster") in connection with the chapter 11 case of B&M Linen Corp. pending before this Court.

At the hearing on October 2, 2013, the Court granted, in part, the motion of Markus/Coster to release Building Policy proceeds from the Court Registry and entered an order reflecting this interim relief on October 8, 2013. In addition, the Court indicated that, if Markus/Coster could demonstrate to the Court's satisfaction that additional funds were needed immediately, the Court would grant such further relief.

In that regard, we respectfully enclose the Declaration of Miron Markus setting forth the need for the release of additional proceeds on account of asbestos abatement and demolition work that must commence immediately to preserve the overall construction timeline, cost estimates (to the extent available) supporting the amounts requested for release, and a notice of settlement and proposed order. Please note that the attached estimate provided by a demolition contractor is higher than the amount of proceeds requested for demolition by Markus/Coster. This is because Markus/Coster believe they can obtain a reduction in price from the demolition contractor.

In addition, as set forth in the Markus Declaration and the proposed order, Markus/Coster requests that any release of additional proceeds be remitted directly to 220 Coster, LLC and not to any of 220 Coster's proposed contractors. Work has not yet commenced and, consistent with

construction industry standards and to ensure that the work performed is timely and comprehensive, Markus/Coster must pay for the construction incrementally as work progresses.

We understand that the Court and its staff are under significant pressure due to the potential funding lapse and we greatly appreciate the Court's consideration of this emergency request.

Respectfully submitted,

Timothy W. Walsh

TWW:mm
Enclosure

cc:     Joel Shafferman, Esq. *via Email Transmission*
        Stephen R. Sugrue, Esq. *via Email Transmission*
        Michael Driscoll, Esq. *via Email Transmission*
        Christine Poscablo, Esq. *via Email Transmission*
        Ralph Preite, Esq. *via Email Transmission*

**Settlement Date: October 11, 2013**
**Time: 12:00 Noon (Eastern Time).**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

In re:                                                    :

                                                          :    Chapter 11

B&M LINEN CORP.,                                          :

                                                          :    Case No. 12-11560 (ALG)

                        Debtor.                           :

                                                          :

------------------------------------------------------------ X

### NOTICE OF SETTLEMENT OF INTERIM ORDER GRANTING, IN PART, MARKUS/COSTER'S MOTION TO FURTHER MODIFY JANUARY 11, 2013 ORDER REGARDING INSURANCE PROCEEDS TO RELEASE BUILDING POLICY FUNDS

**PLEASE TAKE NOTICE** that a proposed order, a copy of which is annexed hereto, will be presented for settlement and signature to the Honorable Allan L. Gropper, United States Bankruptcy Judge, at the United States Bankruptcy Court, One Bowling Green, Courtroom To Be Determined, New York, New York 10004, on October 11, 2013 at 12:00 noon.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the proposed form of Order must be served and filed on the undersigned at the address below and upon each of the persons listed below; filed with the Clerk of the United States Bankruptcy Court for the Southern

District of New York at One Bowling Green, Room 621, New York, New York 10004; and the

Chambers of the Honorable Allan L. Gropper, United States Bankruptcy Judge, not later than

October 11, 2013 at 10:00 a.m. (Eastern Time).

Dated: October 9, 2013
      New York, New York

                By: /s/ Timothy W. Walsh
                      Timothy W. Walsh, Esq.
                      MCDERMOTT WILL & EMERY LLP
                      340 Madison Avenue
                      New York, New York 10173
                      Telephone: (212) 547-5400

                      *Counsel for Miron Markus, Boris Markus and*
                      *220 Coster, LLC*

To:    Michael T. Driscoll, Esq.
       Office of the United States Trustee
       201 Varick Street
       Suite 1006
       New York, NY 10014

       Joel M. Shafferman, Esq.
       Shafferman & Feldman, LLP
       18 East 41st Street
       Suite 1201
       New York, NY 10017

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X
In re:                                                  :
                                                        :    Chapter 11
B&M LINEN CORP.,                                        :
                                                        :    Case No. 12-11560 (ALG)
                          Debtor.                       :
                                                        :
---------------------------------------------------------------- X

### INTERIM ORDER GRANTING, IN PART, MARKUS/COSTER'S MOTION TO FURTHER MODIFY JANUARY 11, 2013 ORDER REGARDING INSURANCE PROCEEDS TO RELEASE BUILDING POLICY FUNDS

Upon the motion (the "Motion") of Miron Markus, Boris Markus and 220 Coster, LLC (collectively, "Markus/Coster") for an order further modifying this Court's January 11, 2013 order (the "January 11 Order") to, *inter alia*, authorize the immediate release of advances made by Massachusetts Bay Insurance Company (The Hanover Insurance Group) under the Building Owner Lessors Risk Only Policy, policy number ZDY 9309229 (the "Building Policy") and upon Debtor's counsel's depositing of all advances under the Building Policy in the Registry of this Court in accordance with the January 11 Order, and upon the objections filed to the Motion, and upon the Court's consideration of all arguments with respect to the Motion at the hearing on October 2, 2013 (the "Hearing"), and upon the Declaration of Miron Markus in Support of an Order Further Modifying January 11, 2013 Order Regarding Insurance Proceeds, dated October 9, 2013 (the "Declaration"), it is hereby

**ORDERED**, that, in accordance with this Court's ruling at the Hearing and the Declaration, the January 11 Order is hereby modified to allow for the release of funds as follows:

(a)     $1,277,275.99 payable to 220 Coster, LLC (Tax I.D. # 20-2792625) and mailed to the following address:

> Markus/Coster
> P.O. Box 7343
> Hicksville, New York
> 11802-7343
> Attn: Miron Markus

**ORDERED**, that the payment of these funds will have no adverse impact on the rights of the United States Small Business Administration because all parties agreed at the Hearing that the United States Small Business Administration will be paid in full from ample insurance proceeds as soon as a payoff amount is agreed to or determined by the Court.

**ORDERED**, that, to the extent the Registry of this Court is unable to release the funds to any of the parties listed herein, the funds shall be released to Debtor's counsel, Mr. Joel Shafferman, who will promptly remit the funds consistent with this Order.

Dated: October    , 2013
       New York, New York


_____
HON. ALLAN L. GROPPER
UNITED STATES BANKRUPTCY JUDGE

DM_US 45529552-1.091784.0011

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
In re:                                                         :
                                                               :     Chapter 11
B&M LINEN CORP.,                                               :
                                                               :     Case No. 12-11560 (ALG)
                    Debtor.                                     :
                                                               :
---------------------------------------------------------------- X

### DECLARATION OF MIRON MARKUS IN SUPPORT OF AN ORDER FURTHER MODIFYING JANUARY 11, 2013 REGARDING INSURANCE PROCEEDS

Pursuant to 28 U.S.C. § 1746, I, Miron Markus, hereby declare as follows:

1.      I am the President and 100% shareholder of the debtor B&M Linen Corp. (the "Debtor") and 220 Coster, LLC ("220 Coster"), the Debtor's landlord.  I am fully familiar with the facts and circumstances contained herein.

2.      On April 16, 2012, the Debtor filed a petition under chapter 11 of title of the United States Code the ("Bankruptcy Code").

3.      On July 30, 2012, a four-alarm fire destroyed the premises where the Debtor's business was conducted (the "Fire").

4.      220 Coster's only source of income was the Debtor's approximately $40,000 in monthly rent payments.

5.      There are two insurance policies maintained by the Debtor and 220 Coster: one covering the building and loss of rental income and another covering the contents of the building.

6.      The first policy, which is the subject of the recent motion to modify this Court's January 11, 2013 Order regarding insurance proceeds, is a Building Owner Lessors Risk Policy with Massachusetts Bay Insurance Company, policy number ZDY 9309229 00 ("the "Building Policy"), with a combined commercial property and business income insurance limit of $6,104,000.  As 220

Coster is, and always was, the landlord and owner of the building, it is entitled to all proceeds under the Building Policy.

7.      Since the Fire, the Debtor has not operated and has been unable to pay 220 Coster its monthly rent, which served as 220 Coster's only source of income used to pay its mortgagees.  As a result, I was forced to pay the mortgagees and property taxes out of pocket for months and have paid other necessary expenses out of pocket for nearly fourteen months.

8.      Because 220 Coster and the Debtor have been unable to generate income, the building owned by 220 Coster remains in considerable disrepair.  Indeed, because 220 Coster has been unable to access the vast majority of its insurance proceeds from the Building Policy, the building continues to deteriorate and has since the Fire.

9.      For example, the building premises are the subject of repeated acts of vandalism, vagrants have attempted to live in the premises and remove property from the premises (creating a substantial risk of a damaging fire as the weather gets colder and these individuals consider starting fires for warmth), the building constantly floods, the building is exposed to the elements and has been sustaining weather-related damage, and additional post-Fire remediation activities must be completed before the premises can be considered safe to occupy.  To that end, if such certain remediation activities are not completed in a timely manner, 220 Coster may be subject to fines by state and federal environmental agencies.  Preventing 220 Coster from obtaining access to additional required Building Policy proceeds, which 220 Coster alone is entitled to, will leave 220 Coster unable to remedy this continued deterioration.

10.     At a hearing on October 2, 2013, the Court granted, in part, the request of 220 Coster, Boris Markus and myself (collectively, "Markus/Coster") to release Building Policy proceeds and

indicated that, if Markus/Coster could demonstrate that additional funds were needed immediately, the Court would provide such further relief.

11.      It has been more than a year since the Fire destroyed the building and now that the majority of Building Policy proceeds have been remitted to the Court Registry, 220 Coster should be able to begin construction on the premises.  The first step of this process is continuing necessary asbestos abatement work.[1]  I have been informed that this abatement work may take up to a month and must be completed within approximately 30 days because of the strict timeline contractors are facing as winter approaches.  As soon as parts of the building become relieved of asbestos contaminants, demolition crews will enter the premises.  The demolition is expected to take an additional 30-45 days.  Accordingly, it is anticipated that the abatement and demolition process will take approximately 75 days.  If work began today, this would mean an approximate completion date of late-December.  I have been informed such asbestos abatement and demolition work is extremely difficult to complete during the winter months.

12.      It is critical for the construction timeline that the building is in "broom swept" condition by January 1, 2014, which will enable the next phase of construction, necessary steel work, to proceed as planned.  I was informed that this is the case because, unlike other services, steel construction work can proceed relatively unaffected by the cold and unpredictable winter weather. The steel construction work is expected to take approximately 60 days.  At the end of this period, and as the weather begins to warm, construction crews will be able to start necessary masonry and utilities work.

13.      At this time, I am not requesting insurance proceeds that are sufficient to finance the entire construction project, or even any work contemplated in 2014.  Rather, I am simply asking for

---

[1] Recently, the Court granted the release of $121,504.57 from the Court Registry to pay Environmental Appraisers and Builders LLC for asbestos abatement work it previously performed.  The funds I am requesting now are for additional required asbestos abatement work.

- 3 -

the release of proceeds to fund the asbestos abatement and demolition projects (including necessary fees and permits) that must commence immediately to be completed by the New Year and prevent catastrophic delays.

14.     Markus/Coster will need to demonstrate to the contractors that 220 Coster has the finances in place to complete this work.   Attached hereto as Exhibit A are cost estimates for the necessary asbestos abatement and demolition work as well as required builder's risk insurance. Markus/Coster is requesting a smaller amount of proceeds be released with respect to demolition work than is estimated by the contractor because we believe we can obtain a discount.   Accordingly, I respectfully request that the Court allow the immediate release of the following additional amounts from 220 Coster's Building Policy proceeds being maintained in the Court Registry:

> ➤     Necessary Permits: $48,990

> ➤     Architects' Fee: $195,960

> ➤     Builder's Risk Insurance Policy: $35,000

> ➤     Asbestos Abatement: $550,017.99

> ➤     Demolition Costs: $447,308

> **Total:**  **$1,277,275.99**

15.     Without access to these Building Policy insurance proceeds, both 220 Coster and I, individually, will face financial ruin and the construction on the building will face calamitous delays. The release of these additional funds should finally enable 220 Coster to begin rebuilding or replacing the property without any further delay.

16.     I would also note that giving 220 Coster access to these insurance proceeds will not prejudice any other party in the Debtor's bankruptcy case.

- 4 -

**CONCLUSION**

For the foregoing reasons, I respectfully request that the Court further modify its January 11, 2013 Order regarding insurance proceeds and permit the release of additional Building Policy proceeds in the amount of $1,277,275.99 from the Court Registry directly to 220 Coster, the rightful recipient of these funds.

Dated: October 9, 2013

/s/  Miron Markus
                    Miron Markus

# EXHIBIT A



# Environmental Appraisers & Builders

**141-07 20th Ave Suite 603**
**Whitestone, NY 11357**
**Ph:   (718) 357-9191**
**Fax: (718) 357-2045**
**Email: marc@eabllc.org**

October 3, 2013

Miron Markus, Miron & Sons Linen Service
220 Coster Street
Bronx, NY 10474
Attn: Boris Markus

RE: 220 Coster Street
Asbestos Abatement

Scope of Work as follows:

- Clean up of the East and West section linens and equipment.

- Roof Removal of West Roof section.

- Work duration 30 days.

- All work is pursuit to DEP Variance Tru No. TRU0148BX13

Payment Schedule

| | |
|---|---|
| Job Total: | $550,017.99 |
| 10% Due upon Signing : | $55,001.80 |
| 3 Progress Payments : | $150,000.00 |
| | $150,000.00 |
| | $150,000.00 |
| Due Upon Delivery of All Final Documents: | $45,016.19 |

_____
Accepted and Approved

 **+D BUILDERS**

**133 WEST 25th STREET – 6th FLOOR – NY, NEW YORK 10001**



October 9, 2013                                   Proposal # 13-002

Boirs Markus
Miron & Sons Linen Service
200 Closter Street
Bronx, NY

Re:     Miron & Sons Linen Service
        220 Closter Street
        Main floor

**Dear Mr. Markus,**

We propose to furnish all labor and materials to complete the following work for the sum of:

Demolition of fire damage, stainless steel, lardromat equipment and materials
Removal of all debris.

**Total Proposal Amount:**               **$658,752**

Please note that price will be revised pending design drawings.

Should you have any questions or require any additional information regarding this proposal, please do not hesitate to contact me.

Sincerely,

Antonio Tutino

**O+D Builders,LLC**

Approved By: _____
Title: _____
Date: _____

**T: 212.929.8320 – F: 646.380.4181 – web: O+Dbuilders.com**

# Arcadia Group Inc.
## Insurance Solutions

October 9, 2013

Boris Markus, V.P.

220 Coster Corp. LLC.

Via email

Re: 220  Coste r Location Builders Risk Coverage

Mr. Markus

Please be advised that that the approximate cost of the builders risk for the 220 Coster restoration will be approximately $35,000.  This figure is based upon the scope of work as well as the current compromised position of the building.

Please feel free to contact me should you have any further questions.

Best Regards,

Michael Apt

Michael Apt

aptarcadia@earthlink.net