UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
In re:                                                                        :
                                                                                   :    Chapter 11
B&M LINEN CORP.,                                                  :
                                                                                   :    Case No. 12-11560 (ALG)
                          Debtor.                                        :
                                                                                   :
-------------------------------------------------------------- X

**PLAN SUPPLEMENT IN CONNECTION WITH THE
PLAN PROPONENTS' THIRD AMENDED JOINT PLAN OF REORGANIZATION**

Attached hereto is the Plan Supplement in connection with, and as defined in, the Third Amended Joint Plan of Reorganization (the "Plan"), dated September 20, 2013 (ECF No. 166), of B&M Linen Corp. (the "Debtor"), Miron Markus, Boris Markus and 220 Coster, LLC ("220 Coster", and together with Miron and Boris Markus, "Markus/Coster" and, collectively with the Debtor, the "Plan Proponents").

The Plan Proponents, consistent with the terms of the Plan, reserve the right to alter, amend, modify or supplement any document in the Plan Supplement.

The hearing to consider confirmation of the Plan (the "Confirmation Hearing") shall be held on October 29, 2013 at 10:00 a.m. (Eastern Time) before the Honorable Allan L. Gropper, United States Bankruptcy Judge, Courtroom To Be Determined, United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), One Bowling Green, New York, New York 10004.  The Confirmation Hearing may be continued from time to time without further notice other than the announcement by the Plan Proponents in open court of the adjourned date(s) at the Confirmation Hearing or any continued hearing.

Dated: October 10, 2013
      New York, New York

           /s/ Joel M. Shafferman
           Joel M. Shafferman, Esq.
           Shafferman & Feldman LLP
           18 East 41st Street, Suite 1201
           New York, New York 10017
           Telephone: (212) 509-1802

*Attorneys for B&M Linen Corp., Debtor*


           /s/ Timothy W. Walsh
           Timothy W. Walsh, Esq.
           McDERMOTT WILL & EMERY LLP
           340 Madison Avenue
           New York, New York 10173
           (212) 547-5400

*Attorneys for 220 Coster, LLC, Miron Markus and Boris Markus*

# **PLAN SUPPLEMENT DOCUMENTS**

- Exhibit A – Execution Version of Benefit Funds Stipulation

- Exhibit B – List of Assumed Contracts

# **EXHIBIT A**

Execution Version of Benefit Funds Stipulation

(Form of Agreement Remains Subject to Final Approval by Benefit Funds)

EXECUTION VERSION 10/10/13

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| B & M LINEN CORP., | 12-11560-ALG |
| Debtor. | |

**STIPULATION AND AGREED ORDER RESOLVING BENEFIT FUND CLAIMS**

THIS STIPULATION AND AGREED ORDER (the "Stipulation") is entered into this ____ day of October, 2013, by and among B&M Linen Corp., d/b/a Miron & Sons Linen Service, a/k/a Miron & Sons Linen, Inc. (the "Debtor"), the Laundry, Dry Cleaning Workers and Allied Industries Health Fund, Workers United, Affiliated with SEIU (the "Health Fund"); Laundry, Dry Cleaning Workers and Allied Industries Retirement Fund, Workers United, Affiliated with SEIU (the "Retirement Fund"); and Laundry Dry Cleaning Workers and Allied Industries Education and Legal Assistance Fund, Workers United, Affiliated with SEIU (the "Education Fund," and together with the Health Fund and the Retirement Fund, the "Benefit Funds" and together with the Debtor, the "Parties").

# RECITALS

WHEREAS, the Benefit Funds are employee welfare benefit plans entrusted under law to collect and protect workers and retirees pension and welfare benefits;

WHEREAS, the Debtor is an employer within the meaning of Section 3(5), (11), and (12) of ERISA, 29 U.S.C. 1002(5), (11), and (12), and Section 301(a) of the LMRA, 29 USA 185(a) and has contribution obligations to the Benefit Funds on behalf of its employees pursuant to collective bargaining agreements and supplemental agreements thereto (the "CBA") with the Laundry, Dry Cleaning and Allied Workers Joint Board, UNITE HERE;

WHEREAS, the CBA obligated the Debtor to, among other things, make contributions to the Benefit Funds and submit to audits, which contributions the Benefit Funds alleged were deficient;

WHEREAS, in 2009, the Benefit Funds performed an audit of the Debtor's books and records for the period of July 1, 2007 through and including December 31, 2008, which alleged an audit deficiency;

WHEREAS, on July 1, 2010, the Benefit Funds filed a complaint against the Debtor in the United States District Court for the Southern District of New York (Case No. 10-05075) seeking payment of the audit delinquency, certain additional unpaid contributions, plus interest, liquidated damages, costs, and attorneys' fees;

WHEREAS, the District Court granted summary judgment in favor of the Benefit Funds on February 3, 2012;

WHEREAS, on April 16, 2012, the Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case") in the United States Bankruptcy Court for the Southern District of New York (the "Court");

WHEREAS, the Debtor continues in the management and operation of its businesses and property pursuant to Bankruptcy Code sections 1107 and 1108;

WHEREAS, on July 10, 2012, the Benefit Funds properly filed a proof of claim (the "Benefit Funds' Claim") [Claim No. 6];

WHEREAS, on July 30, 2012, the location where the Debtor conducted its commercial laundry business was destroyed in a four-alarm fire;

WHEREAS, the Debtor maintained a Commercial Laundry Operations Policy with Hanover Insurance Group and Massachusetts Bay Insurance Company, Policy Number ZDY 8924277 01 with a combined contents and business income insurance limit of $7,977,007 (the "Contents Policy"), of which Hanover has paid $7.2 million (the "Contents Policy Proceeds");

WHEREAS, on September 5, 2012, the Benefit Funds moved to convert the Debtor's case to one under Chapter 7, or alternatively, for the appointment of a Chapter 11 trustee (the "Conversion Motion") [Dkt. No. 39];

WHEREAS, the Debtor and the plan proponents filed a disclosure statement and plan of reorganization (as amended, the "Plan") and confirmation of the Plan is scheduled for October 29, 2013;

WHEREAS, the Parties have engaged in discussions in an effort to resolve the Conversion Motion and desire to settle and resolve these disputes on the terms and subject to the conditions herein without the expense and delay of further litigation.

NOW THEREFORE, in consideration of the mutual promises, covenants, agreements, and other consideration described above and elsewhere in this Stipulation, the receipt and sufficiency of which the Parties hereby acknowledge, and intending to be legally bound thereby, the Parties hereby covenant and agree as follows:

1. <u>Recitals Incorporated</u>. The foregoing recitals are incorporated herein by reference and agreed upon by the Parties.

2. <u>Withdrawal of the Conversion Motion</u>. Upon payment of the Allowed Claim (defined below), the Benefit Funds shall be deemed to have withdrawn the Conversion Motion with prejudice.

3. <u>Allowance of the Benefit Funds' Claim</u>. Upon entry of this Stipulation as an order of the Court, without further action by any party, the Benefit Funds shall have an allowed unsecured claim in this Chapter 11 Case in the amount of $456,747.00 (the "<u>Allowed Claim</u>"). The foregoing is without prejudice to the rights of the Benefit Funds to file any additional or supplemental proofs of claim, or to amend the Allowed Claim; provided, that, if the Debtor files an additional or supplemental claim or amends the Allowed Claim, the Debtor reserves the right to contest (a) such additional or supplemental claim and (b) that portion of the amended Claim in excess of the Allowed Claim.

4. <u>Termination</u>.

(a) This Stipulation shall terminate automatically without further action by any Party upon the occurrence of any of the following: (i) upon a determination by the Court that the Contents Policy Proceeds are not property of the Debtor's estate under section 541 of the Bankruptcy Code or otherwise; (ii) the Plan, as currently proposed, is not confirmed and/or is not substantially consummated; or (iii) if the Debtor does not pay the Allowed Claim in full on the effective date of the Plan.

(b) The termination of this Stipulation shall not affect in any way the allowance of the Allowed Claim.

5. <u>Successors and Assigns</u>.  This Stipulation is binding upon the Parties and their respective successors and assigns, including any chapter 7 or chapter 11 trustee hereinafter appointed or elected for the estate of the Debtor, an examiner appointed pursuant to section 1104 of the Bankruptcy Code, or any other fiduciary or responsible person appointed as a legal representative of the Debtor or with respect to the property of the estate of the Debtor, whether in this Chapter 11 Case, a successor case, or upon dismissal of this Chapter 11 Case or successor case.  The terms of this Stipulation shall not be modified, amended, or terminated, or waived, except by an agreement in writing signed by all of the Parties.

6. <u>Miscellaneous</u>.

(a)    It is expressly understood and agreed that the terms hereof, including the recital paragraphs, are contractual; that the agreements herein contained and the consideration transferred hereunder is to avoid litigation; and that no statement herein, payment, or other consideration given shall be construed as an admission by the Parties of any kind or nature whatsoever.

(b)    This Stipulation constitutes the entire agreement between the Parties with respect to the subject matter herein and supersedes all other prior agreements and understandings, both written and oral, between the parties with respect to the subject matter hereof.

(c)    Each signatory hereto warrants and represents that he or she is authorized to execute and perform under this Stipulation, in each case, in a manner that is and shall be fully binding upon the respective party and/or the person or entity on whose behalf such party executed the stipulation.

(d) Any requirement of Bankruptcy Rule 9019 that a motion by the trustee be made before the court may approve a compromise is hereby deemed satisfied.

(e) This Stipulation shall be effective immediately upon its approval by the Bankruptcy Court and its entry on the docket as an order of the Court. In the event the Bankruptcy Court declines to approve this Stipulation, the Parties hereto shall return to their respective rights and obligations existing prior to the execution of this Stipulation.

(f) The Bankruptcy Court shall retain original and exclusive jurisdiction over the Parties to interpret and enforce the terms of this stipulation and to resolve any disputes in connection herewith.

(g) Each of the Parties represents and warrants that in executing this Stipulation, such Party has relied upon legal advice from the attorney of that Party's choosing and that the terms of this Stipulation have been read and its consequences (including risks, complications, and costs) have been completely explained to that Party by its attorney. Each Party further acknowledges and represents that it has not relied on any inducements, promises, or representations made by any other party or any person representing or serving such other Party. Each of the Parties hereto represents and warrants that this Stipulation is being voluntarily executed by such party without any duress or undue influence of any kind on the part of any person, firm, or entity.

(h) This Stipulation shall be deemed to have been jointly drafted by the Parties, and, in construing and interpreting this Stipulation, no provision shall be construed or interpreted for or against any of the parties because such provision, or any other provision, or the Stipulation as a whole, was purportedly prepared or requested by such Party.

[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

7. <u>Counterparts</u>. This Stipulation may be executed in counterparts, any of which may be transmitted by facsimile, and each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

Date: _____     SHAFFERMAN & FELDMAN LLP
*Counsel for the Debtor*

By: Joel M. Shafferman
18 East 41st Street, Suite 1201
New York, New York 10017
(212) 509-1802

Date: _____     SCHULTE ROTH & ZABEL LLP
*Counsel to the Laundry, Dry Cleaning Workers and Allied Industries Benefit Funds*

By: Lawrence. V. Gelber
James T. Bentley
919 Third Avenue
New York, New York 10022
(212) 756-2000

SO ORDERED BY THE COURT
THIS ____ DAY OF _____, 2013

_____
Honorable Allan L. Gropper
United States Bankruptcy Judge

# **EXHIBIT B**

List of Assumed Contracts

**[To Be Determined, If Any]**